AO 245 S (Rev. 4/95) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

**MICHAEL COBB**
    Defendant.

Case Number CR **96-81042-01**
Honorable Denise Page Hood

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, **MICHAEL COBB**, was represented by **MICHAEL COBB**.

**THE DEFENDANT:** pleaded guilty to Count(s) **1**.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 usc 1708 | Possession of Stolen Mail Matter | 12/13/96 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed: **JUN 3 0 1997**

June 26, 1997
Date of Imposition of Judgment

*Denise Page Hood* (signature)
Denise Page Hood
United States District Judge

Defendant's SSN: **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**
Defendant's Date of Birth: **12/02/61**
Defendant's USM No.: **19675-039**
Defendant's Residence Address: **121 1/2 W. Main St., Flushing, MI 48433**

AO 245 S (Rev. 4/95) Sheet 2 - Imprisonment

Defendant: **MICHAEL COBB**
Case Number: CR **96-81042-01**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **2 months**.

■ The Court makes the following recommendations to the Bureau of Prisons: The Court recommends that the defendant be placed in a Community Treatment Center, if available and designates the Arete Center in Saginaw, Michigan as defendant's place of confinement. The defendant shall be allowed to continue attending the Genessee County Mental Health Program while incarcerated at the Arete Center.

■ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **by 12:00 p.m. on the date designated by the bureau. Until that time the defendant is required to live with his mother Mrs. Ruth Holton, at 9464 Linda Drive, Davison, Michigan 48423.**

## RETURN

**I have executed this Judgment as follows:**

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 4/96) Sheet 3 - Supervised Release

Defendant: **MICHAEL COBB**
Case Number: CR **96-81042-01**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years**.

The defendant shall report to the probation office in the district to which the defendant is released within *72 hours* of release from the custody of the Bureau of Prisons.

- The defendant shall not commit another federal, state or local crime.
- The defendant shall not illegally posses a controlled substance.

**FOR OFFENSES COMMITTED ON OR AFTER SEPTEMBER 13, 1994**

*The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.*

- *The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.*
- The defendant shall not own or possess a firearm, destructive device, or dangerous weapon as defined in 18 U.S.C. § 921.

If this judgment imposes a fine, or a restitution obligation, it shall be a condition of supervised release that the defendant pay, as directed by the Probation Office, any such fine, assessments, costs, or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with any additional conditions as listed on the attached page entitled special conditions of supervision

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 4/95) Sheet 3 - Supervised Release - Special Conditions

Defendant: **MICHAEL COBB**
Case Number: CR **96-81042-01**

## SPECIAL CONDITIONS OF SUPERVISION

-- The defendant shall continued in the Genessee County Mental Health Program until discharged by his probation officer.

-- Upon release from the Bureau of Prisons the defendant shall live with his mother, Mr. Ruth Holton at 9464 Linda Drive, Davison, Michigan 48423 until his is able to locate a residence of his own.

-- The defendant shall abide by the standard conditions of supervised release as adopted by the United States District Court for the Eastern District of Michigan.

-- The defendant shall participate in a mental health program as directed and approved by the probation officer.

AO 245 S (Rev. 3/96) Sheet 5, Part A - Criminal Monetary Penalties

Defendant: **MICHAEL COBB**
Case Number: CR **96-81042-01**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $ 100.00   |      |             |
| If applicable, restitution amount ordered pursuant to plea agreement ||||

AO 245 S (Rev. 3/96) Sheet 5, Part B - Criminal Monetary Penalties

Defendant: **MICHAEL COBB**
Case Number: CR **96-81042-01**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties

PAYMENT OF TOTAL FINE AND OTHER CRIMINAL MONETARY PENALTIES SHALL BE DUE AS FOLLOWS:

■ in full immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

Defendant: **MICHAEL COBB**
Case Number: CR **96-81042-01**

# STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 6 |
| Criminal History Category: | III |
| Imprisonment Range: | 2 months to 8 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $ 500.00 to $ 5,000.00 |
| Total Amount of Restitution: | $ N/A |

■ The fine is waived or is below the guideline range because of the defendant's inability to pay.

■ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.